**Ronald L. LUDWIG,**
**Petitioner-Respondent,**

v.

**Vivian Irene LUDWIG,**
**Respondent-Appellant.**

**No. WD 35717.**

Missouri Court of Appeals,
Western District.

May 14, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

Richard N. Brown, Brown & Casey, Brookfield, for respondent-appellant.

Robert G. Smith, Brookfield, for petitioner-respondent.

Before TURNAGE, C.J., MANFORD, J., and EDITH L. MESSINA, Special Judge.

EDITH L. MESSINA, Special Judge.

Appellant, Vivian Irene Ludwig, appeals from a judgment rendered in the Circuit Court of Linn County in favor of respondent Ronald L. Ludwig. Appellant claims the trial court erred in failing to set aside to her certain interests in real and personal property which were subjects of a writing drafted by respondent and delivered to appellant, prior to their marriage. In addition, appellant claims that the trial court erred in "taking judicial notice" of a decree of dissolution entered in the Circuit Court

of Sullivan County, which decree dissolved the marriage of appellant and her first husband. Affirmed.

The parties, Ronald and Irene Ludwig, were married March 11, 1982. Prior to their marriage, the parties had engaged in a meretricious relationship dating from 1975, during which period appellant was married to Ellis Carroll Smith. On March 18, 1977, Ronald executed a handwritten instrument which reads as follows:

I owe Irene Smith who presently lives at 620 South Main, Milan, Missouri, one-half of the 140 acres I now own the description of the land is

| 80 acres | W ½ | SW | Sec 23 | Twp 60 | Rng 21 |
| 40 | | SW | NW | 23 | 60 | 21 |
| 20 | | S ½ | SE NW | 23 | 60 | 21 |

Irene Smith who now lives at 620 Main Milan Mo. also owns the house and all the contents in the house on this 140 acres that we jointly own together.

Dated March 18, 1977
/s/Ronald Ludwig
Browning Mo.

There is no testimony that the instrument was ever recorded. The Court admitted this document into evidence over objection of counsel for Ronald. As an explanation of this document, Irene testified as follows:

Ronald wanted me to get a divorce from my husband. And he offered this as security if I would get a divorce and see that his name wasn't brought into it. For me to give up my home, my family life and my security, he gave me this to prove to me that I would have a home and an income for the rest of my life, if I divorced my husband.

Ronald characterized the instrument somewhat differently: "Well when I made that out it was if I'd kick the bucket she was to have part of my property. It was like a will and she'd have something if I had of died." Based upon Irene's testimony, the trial court ruled that the instrument was an agreement which could not be enforced since the consideration (in the form of Irene's insecurity) had failed when she re-

ceived a substantial property settlement in her 1979 dissolution of marriage. The Court set aside the entire 140 acre parcel as Ronald's separate property.

 Under § 452.330(1), RSMo Supp. 1984, the trial court must "set apart to each spouse his property" prior to dividing the marital property of the parties. *Weast v. Weast,* 655 S.W.2d 752, 755 (Mo.App. 1983). All non-marital property is "separate" property under this statute. *Busby v. Busby,* 669 S.W.2d 597, 599 (Mo.App. 1984). Normally the proponent of a declaration of separate property bears the burden of proving premarriage ownership, gift or inheritance. *Weast v. Weast,* 655 S.W.2d at 755. Here neither party alleges that the subject matter is marital property. Rather the question is to whom it belongs. The trial court's decree is final; failure to set aside separate property to its owner does not prevent an appeal from the decree. *In re Marriage of Dusing,* 654 S.W.2d 938, 944 (Mo.App.1983).

 We agree with the trial court that the instrument cannot be an enforceable agreement, but for a different reason. Interpreted as an agreement, Ronald's purpose in executing the instrument must at least in part have been to facilitate Irene's dissolution of marriage. Any agreements with a stanger to the marriage relationship which are "conditioned upon, intended or calculated to facilitate the dissolution of such marriage status, are held void as contrary to sound public policy." *Wagner v. Shelly,* 241 Mo.App. 259, 235 S.W.2d 414, 417 (1950). *See also Bloss v. Bloss,* 251 S.W.2d 78, 80 (Mo.1952); *Smith v. Smith,* 429 S.W.2d 771, 774 (Mo.App.1968). Thus the question of consideration is moot.[1]

 Irene contends on appeal that the instrument evidences an inter vivos gift of an interest in Ronald's property. Nowhere in the record does it appear that she raised this issue at trial. Thus the trial court was never given an opportunity to rule on the question. It is fundamental that a party may not claim error on the part of the trial

---

1. Because we find the question of consideration moot we decline to decide whether the trial court erred in judicially noticing the decree in Irene's previous dissolution since this issue does not affect our holding.

court in such a situation. *In re Marriage of Ryterski*, 655 S.W.2d 102, 103 (Mo.App. 1983). The trial judge allowed Irene to present any evidence she had regarding the instrument. Having failed to raise this argument at trial, she may not do so now.

In a court-tried case we must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Ware v. Ware*, 647 S.W.2d 582, 583 (Mo.App.1983). If any reasonable theory supports the judgment, it must be affirmed. *Ware v. Ware*, 647 S.W.2d at 584. Thus, if the trial court reached a correct result we should affirm even if the judgment is based on an incorrect theory. *In re Marriage of Boulch*, 645 S.W.2d 374, 375 (Mo.App.1983). We have reviewed the record and have already concluded that the result reached by the trial court was a correct one.

The judgment is affirmed.

All concur.