**Ronnie Lynn WAGNER, Respondent,**

v.

**Teresa Lee WAGNER, Appellant.**

**No. WD 44392.**

Missouri Court of Appeals, Western District.

Jan. 28, 1992.

---

Jimmie D. James, James, Lund, Biagioli & Sperry, Independence, for appellant.

Randall W. Shackelford, Lexington, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Teresa Lee Wagner appeals from a decree of dissolution of marriage, claiming that the trial court erred by: (1) awarding her only $350.00 per month per child in child support as said amount does not conform to Rule 88.01 and Form 14 and no finding was made by the court that application of Rule 88.01 would be unjust or inappropriate; (2) abusing its discretion in failing to award retroactive child support; (3) awarding husband, Ronnie Lynn Wagner, all the value of the marital real estate in that such distribution is inequitable; (4) abusing its discretion in failing to award her some portion of her attorney's fees; and (5) abating all child support obligations of husband during the two months he was awarded summer visitation. Ronnie Lynn Wagner has filed a motion to remand the case to the trial court and said motion was ordered to be taken with the case. In his motion, he contends that the decree of dissolution is not a final order in that the trial court failed to set off his non-marital personal property or alternatively divide said property between the parties as required by § 452.330.1, RSMo Supp.1988, in that there was extensive evidence at trial as to antiques which he claimed were non-marital property and this property was not mentioned in the decree. His contention is correct and thus, the appeal is dismissed.

Teresa Lee Wagner ("wife") and Ronnie Lynn Wagner ("husband") were married on April 16, 1985. They separated, for the first time, in August, 1986 and husband filed for dissolution on September 3, 1986. The parties reconciled a month later, and remained together until their second separation on November 29, 1988.

On September 26, 1990, the trial court ordered that the marriage be dissolved and took all other issues under advisement. In a supplemental decree, custody of the children was awarded to wife and child support was ordered to be paid by husband to wife. The court also set off to wife as her separate non-marital property, real estate located at Truman Lake which had been acquired by her prior to the marriage. Various pieces of marital property were also divided between the parties. Both before and during the marriage, husband collected antiques. There was extensive evidence at trial with regard to these antiques which husband claimed were his non-marital property, but which were primarily in the possession of wife. The trial court failed, however, to set off this property as required by § 452.330.1, RSMo Supp.1988. It neither determined the property to be marital or non-marital, nor made distribution of any such property determined to be marital.

Husband bases his argument for remand on *Zahabi v. Zahabi*, 760 S.W.2d 539 (Mo. App.1988) and *Shewey v. Shewey*, 725 S.W.2d 921 (Mo.App.1987). This court in *Shewey* stated the applicable rule as follows:

> In *State ex. rel. McClintock v. Black*, 608 S.W.2d 405, 406[1] (Mo. banc 1980), the Court held that when undistributed property is discovered before the time for an appeal has run, the appellate court must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not entered a final judgment from which an appeal can be taken.

*Id.* at 921.

*State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980), addressed the problem of undistributed marital property in the form of a mandamus action. The court in *McClintock* stated specifically that when undistributed property is discovered

before the time has run for appeal "the appellate court, when presented with the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken." *Id.* at 406. *See also Meltzer v. Meltzer,* 775 S.W.2d 120 (Mo. banc 1989). The appeal in this case raises an issue concerning undistributed property as wife is contesting the property division made by the trial court.

■ Husband did not appeal from the trial court's failure to distribute the property in question. He did not take any action on the matter at all until he filed a motion to remand in this court, well after his time to appeal had run out. This inaction, wife contends, bars him from raising the issue here. There is no requirement, however, that the omission be raised by the party appealing the property division, but instead only that the issue be presented to the appellate court. In the cases cited by the wife which require a separate equity action for undistributed property, there was no appeal pending with the division of property at issue, as in the case at bar.[1]

Wife further contends that in the instant case "there is no appeal from the court's failure to distribute non-marital property." Wife is contesting the "amount of property that was distributed to Ronnie." Her designation of the appeal as pertaining only to the marital property awarded by the trial court ignores the interrelationship between marital and non-marital property and the failure by the trial court to designate the omitted property into either class of property, marital or non-marital. In *Frame v. Frame,* 696 S.W.2d 332 (Mo.App.1985), the wife appealed from the trial court's division of marital property. This court dismissed the appeal for lack of a final judgment where the lower court's judgment did not "dispose of all the marital property and separate property." *Id.* at 334. The court noted:

One of the primary purposes of the Dissolution of Marriage Act is that the rights of the parties in their separate and marital property be determined. *Anspach v. Anspach, supra,* 557 S.W.2d [3] at 5 [ (Mo.App.1977) ]. The court must first decide whether each asset or class of assets is marital or separate property in accordance with § 452.330.2. *Id.* When the status of the property of the parties is not determined, the court has not exhausted its jurisdiction, and the judgment is not final and appealable. *Id.* The court here did not designate all the property as marital or separate property. *Frame,* 696 S.W.2d at 335.

The omitted property was not designated as either marital or non-marital by the trial court. In *Barron v. Barron,* 749 S.W.2d 16, 17 (Mo.App.1988), this court stressed the relationship between marital and non-marital property stating, "Identification of separate and marital property is a necessary antecedent to a subsequent just division of marital property." Section 452.-330.1, RSMo Supp.1988, directs that "the court *shall* set apart to each spouse his nonmarital property." (Emphasis added). In the division of the marital property, the value of the non-marital property set apart to each spouse is an enumerated statutory factor deemed relevant for the trial court's consideration. § 452.330.1(3), RSMo Supp. 1988. "Allocation of non-marital property as the separate property of the spouse and the valuation of such property is therefore essential as a prelude to division of marital property in meeting the statutory requirement for a 'just' division with due regard to all relevant factors." *Fields v. Fields,* 584 S.W.2d 163, 166 (Mo.App.1979).

There is some existing authority that stands for the proposition that the failure of the trial court to set aside separate property will not prevent an appeal from the decree. *Ludwig v. Ludwig,* 693 S.W.2d 816, 818 (Mo.App.1985); *In re Marriage of Dusing,* 654 S.W.2d 938 (Mo.App.1983). In *Ludwig,* neither party claimed that the

---

1. *State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980); *Murphy v. Murphy,* 716 S.W.2d 870 (Mo.App.1986).

property was marital; the question was one of to whom the non-marital property belonged. *Ludwig,* 693 S.W.2d at 818. The court in *Ludwig* relied upon *Dusing* for its pronouncement that an appeal can be taken where the trial court failed to set aside separate property. *Id.* The court in *Dusing,* however, rested its decision on the fact that the trial court did not fail in distributing all of the property of the parties, although it did so without regard to whether the property was separate or marital. *Dusing,* 654 S.W.2d at 944.

The *Dusing* court examined the "inconsistent and irreconcilable" cases on the subject of whether the failure of the trial court to fully divide the property of the parties is a jurisdictional necessity for appellate courts. *Id.* After a lengthy discussion, the *Dusing* court reached no conclusion as to the correct rule of law because it determined that all of the property had been divided. *Id.* This is not the situation in the instant case.

The record reflects significant omissions of personal property from the dissolution order, some presumptively non-marital and other presumptively marital. Because the trial court did not divide the property as mandated by § 452.330.1, RSMo Supp.1988, its judgment is not final and this court is left without jurisdiction to decide the appeal and has no other option than to dismiss the appeal. "The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case." *Meltzer,* 775 S.W.2d at 121. This court would suggest that the trial court review its award of child support and the application of Rule 88.01 in light of the mandatory requirement that findings be made on the record that such an award would be unjust or inappropriate when that award is not made in conformity with Form 14. *See Campbell v. Campbell,* 811 S.W.2d 504, 506[1, 2] (Mo.App.1991). The appeal is dismissed.

All concur.