Jamie S. SCHILD, Respondent/Cross–
Appellant,

v.

Craig T. SCHILD, Appellant/Cross–
Respondent.

No. ED 89836.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 21, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 9, 2008.

Application for Transfer Denied
Jan. 27, 2009.

Lawrence G. Gillespie, Clayton, MO, for Appellant.

Theodore S. Schechter, Anne E. Lageson, Clayton, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Craig T. Schild ("Father") and Jamie S. Schild ("Mother") both appeal from the trial court's entry of judgment dissolving their marriage. We affirm in part and reverse and remand in part.[1]

---

1. Father's motion taken with the case is denied. Mother's motion to strike Father's brief, which was taken with the case, is also denied.

## I. BACKGROUND

Mother filed a petition for dissolution of her marriage with Father in 2004. At trial, custody arrangements were contested. Mother sought custody of the three minor children born of the marriage and Father sought unsupervised visitation rights. Mother argued that Father's visits with the children should be supervised.

In support of her position, Mother pointed to problems in Father's parenting history. The evidence presented at trial revealed that Father had committed acts of domestic violence against Mother and the children. The evidence also showed that Father's viewing of pornography had created a substantial risk of harm to the children.

The trial court adopted the GAL's proposed custody order which included a four-phase parenting plan. The plan gradually increased Father's visitation rights and removed restrictions on Father's visits at the end of each phase.

The trial court's judgment also divided the marital property and ordered Father to pay $1,200 per month in child support and $1,700 per month in maintenance. The trial court further ordered Father to pay for the children to attend a Lutheran elementary and high school. Father appeals and Mother cross appeals.

## II. DISCUSSION

In his first point, Father contends that the trial court erred in ordering him to pay Mother $1,700 per month for maintenance because the award is improperly based on Father's misconduct during the marriage and is not sustainable on other grounds. We disagree.

The trial court has broad discretion in awarding maintenance. *In re Marriage of Neu*, 167 S.W.3d 791, 795 (Mo. App. E.D.2005). A trial court's judgment ordering maintenance will be affirmed on appeal unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Underwood v. Underwood*, 163 S.W.3d 490, 491 (Mo.App. E.D. 2005). The party challenging the award has the burden of showing the award was an abuse of the trial court's discretion. *In re Marriage of Neu*, 167 S.W.3d at 795.

Father first argues that Mother is not entitled to maintenance. The threshold question in deciding if a spouse is entitled to maintenance is whether the party seeking maintenance can meet his or her reasonable needs either through property or through employment. *In re Marriage of Thompson*, 24 S.W.3d 751, 754 (Mo.App. S.D.2000).

Father contends the trial court erred in awarding Mother maintenance because the trial court failed to consider potential interest income from marital property in assessing whether Mother can meet her reasonable needs through her property.

This argument was not included in Father's Motion to Amend the Judgment. An appellate court generally does not consider arguments raised for the first time on appeal, unless the court decides to exercise its discretion to engage in plain error review. *Adair v. Adair*, 124 S.W.3d 34, 41–42 (Mo.App. W.D.2004). Here, Father has not identified, and we fail to find, any place in the record where this issue was presented to the trial court.[2]

2. Despite his assertions to the contrary, Father did not include this argument in his Motion to Amend by stating that the trial court "erred as a matter of law by failing to state the monthly gross and net income earned by [Mother] or imputed to [Mother] and the reasons for such findings pursuant to Husband's request for Findings of Fact and Conclusions of Law." We fail to see how that claim raises the argument that the trial court

■ As this argument is raised for the first time on appeal, it is subject to plain error review at best. *See id.* However, "a trial court will not be convicted of plain error for failing to consider interest income from marital property where the complaining party presented no evidence of a rate of return at the trial level." *Id.* Here, Father provided the trial court with no evidence of a potential rate of return on Mother's investments.[3] Therefore, even if we were to exercise our discretion to engage in plain error review, Father's argument would still fail.[4] *See id.*

Father also argues that the trial court erred in awarding Mother maintenance because she earns $50,000 annually from her employment and therefore she can meet her reasonable needs through employment. However, the record reveals evidence that Mother's net income is $2,544.70 per month and her individual monthly expenses are $6,737.33, resulting in a monthly shortfall of $4,192.63. This evidence supports the trial court's finding that Mother cannot meet her reasonable needs through employment.

■ Father next attacks the amount of maintenance awarded, arguing that the trial court improperly based the amount of maintenance solely upon his conduct. However, "the conduct of the parties during the marriage is a factor a trial court is to consider in awarding maintenance." *Francis v. Francis*, 823 S.W.2d 36, 39 (Mo. App. E.D.1991). In addition, the trial court is also required to consider the comparative earning capacity of each spouse in setting the amount of maintenance. Section 452.335 RSMo 2000. Here, Father himself notes that his income is "approximately double Mother's." Because the amount of maintenance is properly supported by evidence of the parties' conduct during marriage and the comparative earning capacity of each spouse, we cannot say that the trial court erred in ordering Father to pay Mother $1,700 per month in maintenance. Point denied.

■ In his second point, Father argues that the trial court's decision to award more child support than the amount yielded by the child support guidelines is not supported by the evidence. We disagree.

■■ Although use of the child support guidelines is mandatory, the trial court retains wide discretion in determining the amount of support to award. *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 951 (Mo.App. E.D.1993). While the amount of child support calculated pursuant to the guidelines is presumed correct, this presumption is rebutted by a written or specific finding on the record that the guidelines amount would be unjust or inappropriate. *Id.* In deciding whether to rebut the presumed child support amount, a trial court is required to consider, among other factors, the children's custody arrangements and the children's financial needs and resources. Section 452.340(1)(a), (5) RSMo Cum.Supp.2007.

Here, the trial court found that the amount of child support calculated pursuant to the guidelines, $924 per month, was "unjust and inappropriate to take

---

erred in awarding maintenance by failing to consider potential investment interest in determining the sufficiency of Mother's property.

**3.** Five of the seven accounts set aside to Wife were retirement accounts. Less than $28,000 of the nearly $100,000 set aside to Wife could be used to generate interest income without incurring penalties.

**4.** We further note that the trial court specifically held that it had considered the marital property awarded to Mother in determining that her property was insufficient to meet her needs.

care of the needs of the minor children." Therefore, the trial court rebutted the presumption that the guidelines amount was correct. The decision to increase the guidelines amount was supported by evidence that the children's monthly expenses totaled $4,041.18 per month, an amount well-over the presumed child support amount. *See id.* In addition, evidence of the custody arrangement supported the trial court's decision, as the children were ordered to reside primarily with Mother. *See id.* Because the trial court's child support order is supported by the evidence of the children's expenses and the custody arrangement, we cannot say that the trial court erred in deviating from the presumed child support amount. Point denied.

■ In his third point, Father argues that the trial court erred in calculating the presumed child support amount by failing to include the educational costs for the minor children as an extraordinary child rearing expense. We disagree.

We will defer to the trial court's judgment regarding private education unless the evidence is palpably insufficient to support it. *In re Marriage of Glueck*, 913 S.W.2d 951, 955 (Mo.App. E.D.1996).

Here, the trial court ordered Father to pay for the children to attend Lutheran grade school and high school. The trial court did not include the educational costs as an extraordinary child rearing costs in its Form 14 calculation, but instead entered a separate order for the educational costs.

The comments to the Form 14 worksheet make clear that post-secondary and private or parochial elementary, middle and high school expenses are not included in the schedule of basic child support obligations. Mo. R. Civ. P. Form 14, line 6(e), comment A. The comments further state that, in certain situations, such educational costs *may* be included in the Form 14 calculation as "extraordinary child rearing costs." *Id.* (emphasis supplied). However, the decision to include the educational costs in the Form 14 as an extraordinary expense is within the trial court's discretion. *See Appling v. Appling*, 156 S.W.3d 454, 460 (Mo.App. E.D.2005). Instead of adding a specific dollar amount to the Form 14 calculation, the trial court can enter a separate order of support for the educational costs. *Id.* (holding that the trial court did not abuse its discretion in entering a separate judgment in lieu of including college expenses in its Form 14 calculation.); *Shiflett v. Shiflett*, 954 S.W.2d 489, 493–94 (Mo.App. W.D.1997).[5]

Because the decision to enter a separate order for educational costs was within the trial court's discretion, we cannot say that the evidence was "palpably insufficient" to support the trial court's decision to do so. Point denied.

■ In addition to the points raised by Father, Mother raises four points on appeal. In her first three points, Mother

---

5. Father correctly notes that these cases deal with post-secondary expenses, not private or parochial elementary, middle and high school expenses. However, the Form 14 instructions for post-secondary educational expenses are identical to those for private or parochial elementary middle and high school expenses. *See* Mo. R. Civ. P. Form 14, line 6(e), comment A ("Post-secondary educational expenses and private or parochial elementary, middle and high school expenses are not included in the schedule of basic child support obligations. These expenses *may* be included in Form No. 14 as an 'other extraordinary child-rearing cost'.") (emphasis supplied). Both cases cited above specifically point to such language in holding that, as an alternative to including college expenses in a Form 14 calculation, a trial court can enter a separate order of support. *Appling*, 156 S.W.3d at 460.

challenges the trial court's physical and legal custody orders. The trial court's custody determination will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Southard v. Southard,* 239 S.W.3d 172, 174 (Mo.App. E.D.2007). "We give greater deference to the trial court in custody matters than other matters" and "we will affirm the trial court's custody determination under any reasonable theory." *Id.*

■ The overriding concern in child custody cases is whether the trial court's order serves the best interest of the child. *Miller v. Miller,* 184 S.W.3d 174, 180–81 (Mo.App. S.D.2006).

Mother argues that the trial court erred in ordering the parties to share joint legal custody because the parties are not capable of functioning as a parental unit when making decisions regarding the children.[6] We disagree.

■ An award of joint legal custody must be supported by "substantial evidence that the parties have a commonality of belief concerning parental decisions and the willingness and ability to function as a unit in making those decisions." *Id.*

Although the court's custody order was supported by the evidence, the record on appeal indicates that the parties have not complied with certain portions of the court's parenting plan. Specifically, the record as submitted to the appellate court suggests that the parties have not followed the visitation schedule. In their motions on appeal, both parties admit that Father's visitation periods are regularly missed.[7] At oral argument, counsel stated that a significant lapse of time had occurred since Father's last visit with the children. Counsel also indicated that Dr. Conran is no longer working with Mother, Father, or the minor children. The parties may wish to file a Motion to Modify the child custody issues, which would be heard contemporaneously with the other issues being remanded for hearing.

■ Mother next challenges the trial court's disposition of property. Mother argues that the trial court erred in awarding two life insurance policies, a Fidelity Rollover IRA, and a Smith Barney account to Father as his non-marital property. We agree.

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Waite v. Waite,* 21 S.W.3d 48, 51 (Mo.App. E.D.2000).

The trial court awarded Father 100% of two life insurance policies as non-marital property. However, "the character of property is determined by the source of funds financing its purchase." *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 824 (Mo. banc. 1984). The evidence here reveals that marital funds were used to pay the life insurance policy premiums. Father testified that the parties paid the premiums with marital funds and the trial court's judgment specifically states that the policy premiums were paid both before and after the parties married.

---

**6.** The trial court ordered the parties to share joint legal custody as to matters of education, religion and extracurricular activities. Mother was awarded sole legal custody on "issues affecting the growth and development of the children in all other areas."

**7.** Mother states that Father has "frequently been 'unavailable' to exercise custody and visitation with the minor children, without explanation." Father argues that Mother has prevented him from seeing the children, and that he has been unable to seek enforcement of the custody provisions.

The trial court also awarded Father 100% of the Fidelity and Smith Barney retirement accounts as non-marital property. In making this award, the trial court stated that the evidence reflected that Father opened these retirement accounts prior to marriage. However, interest from a retirement account that results from marital contributions is marital property. *In re Marriage of Cope*, 805 S.W.2d 303, 305 (Mo.App. S.D.1991). Father himself acknowledged that marital funds were invested in these accounts.

Because the trial court's decision to award Father 100% of the two life insurance policies and the Fidelity and Smith Barney retirement accounts is not supported by the evidence, this portion of the trial court's order is reversed and remanded with instructions to the trial court to characterize the two life insurance policies and the two retirement accounts as marital property.[8] Given the change in character of these properties, the trial court is further directed on remand to reconsider the five statutory factors listed in Section 452.330.1 and to reevaluate the award of these four properties in light of the relevant statutory factors.

■ Mother also argues that the judgment's disposition of property failed to include an adequate description of the marital real estate.[9]

■ Where real estate is affected by a dissolution decree, full legal descriptions must be included in the judgment. *Fields v. Fields*, 584 S.W.2d 163, 167 (Mo.App. W.D.1979). The exact location of the *property* must be included *in* the judgment

itself. *Landau v. Weil*, 87 S.W.3d 909, 911 (Mo.App. E.D.2002) (emphasis in original).

The trial court's judgment awarded Mother the marital residence, but failed to include a full legal description of the real estate. Rather than including the dimensions of the property, the judgment listed only the postal address. *See Zacharewicz v. Hanly*, 213 S.W.3d 210, 212 (Mo.App. E.D.2007). Because it is necessary to refer to external sources of proof to determine the boundaries of the property, the trial court's judgment failed to adequately describe the real estate. *See Moretto v. Grellner*, 198 S.W.3d 665, 666 (Mo.App. E.D.2006). On remand, we direct the trial court to correct this error by including a full legal description of the property in its judgment. *See In re Marriage of Koehler*, 633 S.W.2d 169, 171 (Mo.App. E.D.1982).

## III. CONCLUSION

The judgment of the trial is affirmed in part, and reversed and remanded in part. The portion of the trial court's judgment awarding two life insurance policies, a Fidelity Rollover IRA, and a Smith Barney account to Father as his non-marital property is reversed and remanded with instructions to characterize these four properties as marital property. The trial court is then instructed to reconsider the five statutory factors listed in Section 452.330.1 RSMo 2000 and to reevaluate the disposition of these properties given their changed character.

Finally, on remand we instruct the trial court to include a full legal description of the marital residence awarded to Mother.

8. We also note that Father's Statement of Property does not claim that the life insurance policies and the Fidelity retirement account are 100% his separate property, but rather lists those items as partially separate and partially marital property.

9. Mother raised this issue in her motion to dismiss Father's appeal for lack of jurisdiction. Mother filed this motion on appeal, and the motion was taken with the case. Mother's motion is denied.

All other portions of the trial court's judgment are affirmed.

LAWRENCE E. MOONEY, J. and GEORGE W. DRAPER III, J., Concur.