OPINION

PER CURIAM.
N.H. (“Mother”) appeals the judgment granting in part and denying in part Mother and S.C.’s (“Father”) motions to modify custody of their minor child (“Child”). We affirm the judgment as modified.
We find that the trial court did not err in placing restrictions on Mother’s rights as sole legal custodian and joint physical custodian. We also find that the trial court did not err in restricting Mother’s access to Child’s school during Father’s periods of physical custody. An extended opinion on these issues would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. For the reasons set forth below, we modify the judgment so that the periods of physical custody for the Martin Luther King, Jr., President’s Day, Memorial Day, and Labor Day holidays conclude at the commencement of the academic day Tuesday. In all other respects, the judgment is affirmed under Rule 84.16(b).[1]
I. BACKGROUND
In October 2006, the trial court entered a paternity judgment which awarded Mother and Father joint legal and joint physical custody. Mother and Father filed motions to modify the paternity judgment, each seeking an award of sole legal and sole physical custody. In June 2011, the trial court issued a judgment granting in part and denying in part Mother and Father’s motions to modify the paternity judgment. Mother and Father retained joint physical custody with some changes to the physical custody schedule including a determination that periods of custody for the Martin Luther King, Jr., President’s Day, Memorial Day, and Labor Day holidays conclude at “the commencement of the academic day Monday.” Mother appeals.
*133 II. DISCUSSION
A. Standard of Review
We will affirm the trial court’s custody determination unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Schild v. Schild, 272 S.W.3d 329, 334 (Mo.App. E.D. 2008). “We give greater deference to the trial court in custody matters than other matters and we will affirm the trial court’s custody determination under any reasonable theory.” Id. (internal quotation omitted).
B. Holiday Physical Custody Schedule
In her fourth point on appeal,[2] Mother claims the trial court erred in determining that periods of physical custody for the Martin Luther King, Jr., President’s Day, Memorial Day, and Labor Day holidays conclude at “the commencement of the academic day Monday.” Mother contends that, because there is no academic day on these holidays, the trial court misapplied the law in terminating physical custody periods at an indeterminate time, and the judgment should be corrected to reflect that these periods of custody conclude at the commencement of the academic day Tuesday. Father concedes this point on appeal, and agrees that these periods of custody should end at the commencement of the academic day Tuesday.
We agree that the trial court made a typographical mistake and intended for these periods of custody to conclude at the commencement of the academic day Tuesday. Under Rule 84.14, we have the authority to “give such judgment as the court ought to give.” Accordingly, we modify the judgment to reflect that the periods of custody for the Martin Luther King, Jr., President’s Day, Memorial Day, and Labor Day holidays conclude at the commencement of the academic day Tuesday. Point four is granted.
III. CONCLUSION
We modify the trial court’s judgment so that the periods of custody for the Martin Luther King, Jr., President’s Day, Memorial Day, and Labor Day holidays end at the commencement of the academic day Tuesday. In all other respects, the judgment is affirmed under Rule 84.16(b).

. All references to Rules are to Missouri Supreme Court Rules (2012).

. Mother's first, second, and third points on appeal are addressed and affirmed under Rule 84.16(b) in a separate memorandum.