**PINEWOODS ASSOCIATES, Appellant,**

v.

**W.R. GIBSON DEVELOPMENT COMPANY, Respondent.**

**No. WD 41532.**

Missouri Court of Appeals,
Western District.

Jan. 30, 1990.

Michael C. McCormick, Waldo and McCormick, Lee's Summit, for appellant.

Joe F. Willerth, Cochran, Kapke, Willerth & Overman, Independence, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This suit sought removal of defendant's building from encroachment on plaintiff's land and similar relief to abate a zoning violation. By a counterclaim, defendant sought a declaration of its title to a strip of plaintiff's land allegedly acquired by adverse possession. For the reasons hereafter set out, we conclude the disposition ordered by the trial court in the case did not meet the requirements of a judgment nor did it dispose of all issues. The appeal must be dismissed for want of jurisdiction.

Certain facts are required to understand the deficiencies in the purported judgment from which this appeal is prosecuted. Plaintiff and defendant are the owners of adjoining tracts of land in Lee's Summit. Defendant's land lies to the north and fronts on Columbus Street which curves as it passes defendant's lot creating an irregularly shaped tract. The major portion of defendant's land was zoned for residential use. A small, irregular portion of the tract fronting on Columbus Street was zoned for business, but the size and configuration of the lot precluded erection of a business building which would comply with zoning law requirements as to setbacks.

In 1974, defendant applied to the Lee's Summit Board of Zoning Adjustment for and was granted a variance from compliance with the setback requirements on the lot. The variance authorized construction of a temporary office structure, subject to the condition that the variance would terminate at such time as the property was not used for occupancy of the temporary office structure.

Some three months after the variance was granted, defendant entered into a lease with a savings and loan company requiring the tenant to construct a movable building in accordance with the zoning variance. Contrary to that agreement, however, the building actually constructed was a permanent structure, the plans for which were approved by defendant. Defendant's employee designated the location where the building was to be placed. That location was two feet over the property line onto plaintiff's land.

In 1977, the savings and loan company moved out of the location and sold the building to the defendant. Thereafter, the city of Lee's Summit notified defendant that the building, then vacant, was not in conformity with the variance granted three years earlier and could not be maintained. Defendant responded by applying for a three year extension of the variance. The zoning board granted the request but failed to specify the time limit on the extension. No mention was made in the application or in the extension of the fact that the building which had been constructed was a permanent rather than a movable structure. As of the date of trial, the building remained in place, having been occupied by tenants for periods of time and having been vacant for other periods.

Plaintiff's petition sought removal of defendant's building, first because of its location on plaintiff's land, and second, because the permanent structure violated the Lee's Summit zoning law and the variance granted in 1974. Defendant responded to the latter claim by relying on the extension order granted by the Board of Zoning Adjustment in 1978. Defendant's counterclaim asked the court to declare that defendant had acquired title to a two foot strip along plaintiff's land by adverse possession including the portion on which the building was situated and a similar strip extending from the front of the building to the street and from the rear to the north-south property line.

After hearing evidence and considering exhibits introduced by the parties, the court issued what was denominated "Order." The contents of that document which may be constructed to be decisional are extracted and repeated as follows:

Defendant has satisfied all of the elements of adverse possession with regard to the two foot building encroachment. * * * Defendant is entitled to acquire title only to the $2 \times 12$ feet portion of plaintiff's lot that is covered by defendant's building. * * * Defendant cannot sustain his claim to the remaining 16 feet he claims based on adverse possession. * * * It is so ordered.

Notably absent from the order are any findings or conclusions relative to plaintiff's claim based on the violation of Lee's Summit zoning laws. Appellant contends the trial court erred when it did not rule on that aspect of plaintiff's case. We agree.

The evidence in the case raised two issues affecting defendant's right to maintain the structure in question in violation of the normal zoning requirements. The first was whether the original zoning law variance granted for a temporary, removable structure could lawfully be modified by defendant's request for an extension so as to permit maintenance of a permanent building. The second was whether the zoning board's extension order in response to defendant's request for a three year variance could be enlarged to encompass a permanent variance.

In plaintiff's petition, it was alleged that the maintenance by defendant of its office building in violation of the zoning law on and over the parties' mutual property line constituted a detriment to plaintiff's property and created a diminution in the value of plaintiff's property. Although a private citizen who suffers no special or peculiar injury from maintenance of a zoning law violation different from that suffered by the public at large may not maintain an action to enjoin the violation, an adjoining, confronting or nearby property owner is entitled to assert, without further proof of special damages, the violation of the zoning ordinance. *Lee v. Osage Ridge Winery*, 727 S.W.2d 218, 221–22 (Mo.App. 1987).

The order entered by the court in this case, effectively sustaining defendant's adverse possession counterclaim, did not decide the issue raised by plaintiff's petition for abatement of the zoning law violation. Ownership by defendant of the two foot strip on which the building was located did not satisfy the normal zoning law requirement for setback. We express no opinion on the merits of that aspect of plaintiff's claim, only that the claim remains undecided.

For a judgment to be final and appealable, it ordinarily must dispose of all parties and all issues in the case and leave nothing for further determination. *Southwest Mall Assoc. v. Top Brands Distributors, Inc.*, 774 S.W.2d 874, 875 (Mo.App. 1989). The order here is not a final judgment from which an appeal may be taken and therefore the appeal must be dismissed.

The necessity for a remand of the case to the trial court prompts certain observations with respect to the trial court's order. That order lacked the usual components of a judgment, apart from the omissions discussed above, in that it granted no expressed relief and failed to declare the rights of the prevailing party. It amounted to no more than an expression of the court's opinion that the defendant "is entitled to acquire title" to the portion of the lot covered by defendant's building. The order did not include any recitation which vested title to the land in defendant.

The form and content of a judgment in a suit involving title to land are especially important. The decree should be in a form so that it alone will be suitable for recording in real estate records. A decree which affects title to real estate should describe the land in question with certainty so that the description will support a later conveyance of the property. *Engelland v. LeBeau,* 680 S.W.2d 435, 437 (Mo.App. 1984).

The order in this case identifies the real estate purportedly acquired by defendant by adverse possession as "the 2 × 12 feet portion of plaintiff's lot that is covered by defendant's building." Recourse must be had to defendant's counterclaim to ascertain the legal description of plaintiff's lot. This circumstance violates the requirement that a judgment be in such form that it does not require external proof or another hearing. *Commerce Bank of Springfield v. Green,* 760 S.W.2d 602, 603 (Mo. App.1988).

The most serious problem with the content of the order as respects a legal description is that it depends on the uncertain location of defendant's building. Even if one seeking to determine what tract is set over to defendant by the order makes the necessary external inquiry to locate plaintiff's lot as Lot 1, Pine Woods, he is still uninformed where the east and west boundaries of the two foot strip may be. Obviously, defendant's building may be removed at some future date or it may be remodeled and extended. The judgment cannot rely for a legal description on such uncertainty. The exact location of the two foot strip must be identified by a metes and bounds description established by a survey.

The appeal is, for the reasons stated, dismissed and the cause is remanded for further proceedings consistent with the directions of this opinion.

All concur.