James Cobble TRUST, by, Paul
SHERMAN, Trustee,
Respondent,

v.

David WILSON and Helen
Wilson, Appellants.

No. 68562.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 10, 1996.

Kenneth C. McManaman, Cape Girardeau, for appellants.

Jeffrey P. Dix, Jackson, for respondent.

AHRENS, Presiding Judge.

In this bench tried case, defendants, David and Helen Wilson, appeal the trial court's

judgment declaring that plaintiff, James Cobble Trust, has the right to use a private roadway on defendants' property. Because the trial court's judgment requires external proof to dispose of all the disputed issues involved in the case, the judgment is not final. We dismiss the appeal.

Defendants and plaintiff own contiguous parcels of land in Cape Girardeau and Bollinger Counties. From at least 1940 until 1985, plaintiff and its predecessors utilized a private roadway on defendants' property to access State Highway 72. Defendants' predecessors did not object at any time to plaintiff's, or its predecessors' use of the roadway.

In January 1985 defendants purchased the property on which the disputed roadway lies. In April of that year, defendants erected barriers on the roadway so that plaintiff could not utilize it. Plaintiff made several unsuccessful attempts to resolve the dispute with the defendants. In March, 1994 plaintiff filed a petition seeking a declaration that its predecessors had obtained a prescriptive easement over the roadway.

After a bench trial, the trial court entered a judgment in favor of plaintiff declaring that it had the right to utilize the roadway on defendants' property. However, the trial court's judgment did not give a description of the location, direction, or width of the easement over the road. Rather, the court ordered the plaintiff to conduct a survey of the road in order to provide the court with a legal description of the roadway. Defendants appeal from this judgment.

■ Neither party has questioned this court's jurisdiction over defendants' appeal. However, a reviewing court has a duty to determine its jurisdiction sua sponte. *Stein v. Trampe,* 897 S.W.2d 209, 210 (Mo.App. 1995). The right to appeal is statutory, and an appeal may be taken only from a final judgment. *Id.*; § 512.020, RSMo 1994. Until there is a final judgment, this court lacks jurisdiction to consider the merits of the appeal. *Stein,* 897 S.W.2d at 210.

■ The trial court's judgment states in relevant part:

1. Plaintiffs and their agents or employees are entitled to the use of the private roadway. Defendants have wrongfully denied plaintiffs this access.

2. The private roadway should be not more than 20 feet in width.

3. The plaintiffs shall, at their sole expense, provide the Court with a survey of the roadway in order to provide a legal description of the location of such private roadway. The Defendants shall grant access to the surveyor for this purpose.

■ Under Rule 74.01(b), a trial court's judgment is final for purposes of conferring appellate jurisdiction only if the judgment disposes of all the disputed issues in the case and leaves nothing for future adjudication. *Jackson v. Salveson Holdings, Inc.,* 914 S.W.2d 878, 882 (Mo.App.1996); Rule 74.01(b). Thus, a judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b). *See Pinewoods Assoc. v. Gibson Development Co.,* 783 S.W.2d 478, 481 (Mo.App.1990); *Wyma v. Kauffman,* 665 S.W.2d 82, 83 (Mo. App.1984).

■ This rule is particularly important in cases involving real property. A judgment affecting real estate must describe the land in question with enough certainty to support a later conveyance of the property. *Pinewoods Assoc.,* 783 S.W.2d at 481. A judgment that fails to adequately describe the disputed property leaves open the possibility of future adjudication relating to the scope of the property affected by the judgment. Thus, appellate review of such a judgment is premature. *See First State Savings Bank v. Peters,* 797 S.W.2d 574, 575 (Mo.App.1990); *Four Seasons Lakesites v. Dungan,* 781 S.W.2d 269, 271 (Mo.App.1989).

In the instant case, the trial court's judgment does not address the location, direction, or width of the easement. Rather, as stated above, the trial court's judgment requires proof from an external source, a survey, to dispose of these issues. Also, these issues are in dispute since defendants have asserted that ten years of inactivity and flooding have resulted in significant alterations to the roadway.

The trial court's judgment is not final under Rule 74.01(b). The judgment requires proof from an external source to adequately describe the easement area. As illustrated above, such a judgment is not final and thus not reviewable by an appellate court.

Plaintiff's Motion for Attorney Fees on Appeal is dismissed without prejudice.

Appeal dismissed.

CRANDALL, J., and CHARLES B. BLACKMAR, Senior Judge, concur.