Kevin L. **CREECH**, Walter Scheffing and Genevieve Scheffing and Ronald Kaibel and Sondra Kaibel, Plaintiffs–Appellants,

v.

Barbara **NOYES**, Defendant–Respondent.

No. ED 79451.

Missouri Court of Appeals, Eastern District, Northern Division.

May 28, 2002.

Edward J. Grewach, Troy, MO, for appellants.

Thomas B. Burkemper, Lisa Leslie, Troy, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

In this easement dispute, Plaintiffs appeal the trial court's judgment finding that they had abandoned the easement by nonuser and also that Defendant had reacquired the easement by adverse possession. Because the court's judgment is not final, we dismiss the appeal.

Plaintiffs and Defendant all own property in Lincoln County, Missouri. The deeds to Plaintiffs' land all contain an easement across Defendant's land for road and utility purposes. Defendant has erected a locked gate across the road. In their action, Plaintiffs sought to permanently enjoin Defendant from blocking the roadway easement. Defendant asserted an affirmative defense of abandonment and also filed a counterclaim to quiet title, claiming she had reacquired the easement by adverse possession. The court entered its judgment in favor of Defendant, and Plaintiffs appeal.[1]

Although the parties have not questioned this court's jurisdiction to entertain this appeal, we have a duty to determine our jurisdiction *sua sponte*. *Trust by Sherman v. Wilson*, 928 S.W.2d 897, 898 (Mo.App. E.D.1996). An appeal may be taken only from a final judgment. *Id.*, Section 512.020 RSMo 2000. Until there is a final judgment, we lack jurisdiction to consider the merits of the appeal. *Trust by Sherman*, 928 S.W.2d at 898. A final and appealable judgment is one which disposes of all issues and all parties in the case, leaving nothing for future determination. *Id.*, Rule 74.01(b). A judgment that requires external proof or another hearing to dispose of disputed issues is not final for purposes of appeal. *Id.; Pinewoods Associates v. W.R. Gibson Development Co.,*

---

1. The court quieted title to the easement as to the road purposes only, not as to the utility purpose.

783 S.W.2d 478, 481 (Mo.App. W.D.1990); Rule 74.01(b).

 A judgment which affects title to real estate must describe the land in question with enough certainty to support a later conveyance of the property. *Trust by Sherman,* 928 S.W.2d at 898; *Pinewoods Assoc.,* 783 S.W.2d at 481; *First State Sav. Bank v. Peters,* 797 S.W.2d 574, 575 (Mo.App. S.D.1990). The judgment should be in a form so that it alone is suitable for recording in real estate records. *Pinewoods Assoc.,* 783 S.W.2d at 481. A judgment that fails to adequately describe the property leaves open the possibility of future adjudication regarding the scope and location of the property affected by the judgment, and necessarily requires proof from an external source. *Trust by Sherman,* 928 S.W.2d at 898. Thus, such a judgment is not final for purposes of appeal. *Id.*

Here, the court's judgment does not include any description of land affected by the judgment. The judgment requires proof from an external source to adequately describe the land. Therefore, the trial court's judgment is not final and not reviewable by this court. Accordingly, the appeal is dismissed.

JAMES R. DOWD, C.J., and GLENN A. NORTON, J., concur.