**Brian C. UNDERWOOD, et al., Respondents,**

v.

**Anthony D. DANIELE and Beth A. Daniele, Appellants.**

**No. ED 79857.**

Missouri Court of Appeals, Eastern District, Division Two.

July 9, 2002.

William A. Hellmich, St. Louis, MO, for appellant.

Eric D. Martin, St. Louis, MO, for respondents.

MARY R. RUSSELL, Judge.

Anthony D. and Beth A. Daniele appeal from a judgment quieting title in a 2.1 acre parcel of land in favor of Brian C. Underwood and Carol S. Hunt and permanently enjoining the Danieles from using a lake and its surrounding property, which borders the southern edge of the Danieles' property. We find the judgment was not final, and we dismiss the appeal.

The Danieles own property north of Vision View Spring Lake ("Lake") in St. Louis County. Underwood and Hunt, along with Cheryl A. Andrews, James E. Graham and Kathleen McKemy, and the Warmann Family Irrevocable Trust (collectively "Plaintiffs"), own lots that border Lake's southern edge.

Underwood and Hunt sought to quiet title in a 2.1 acre strip of land that includes

the northern portion of Lake and a narrow strip of land bordering Lake's northern edge. Underwood and Hunt claimed a mutual mistake between themselves and their grantor resulted in the deed to their lot failing to indicate their interest in that tract. In addition, Plaintiffs sought to enjoin the Danieles from using Lake and its surrounding property in accordance with an agreement entered into by Plaintiffs' predecessors.

The trial court entered judgment for Underwood and Hunt and quieted title in their favor for their respective interest in the 2.1 acre tract. In addition, the trial court permanently enjoined the Danieles and their successors in interest from using Lake and any adjacent property covered by the agreement entered into by Plaintiffs' predecessors in interest. The Danieles appeal.

 Although none of the parties questioned our jurisdiction to review the trial court's judgment on appeal, we possess a duty to determine our jurisdiction *sua sponte*. *Creech v. Noyes*, 78 S.W.3d 223, 224–25 (Mo.App.2002). A judgment that requires external proof to dispose of disputed issues is not final for Rule 74.01(b) purposes. *Trust by Sherman v. Wilson*, 928 S.W.2d 897, 898 (Mo.App. 1996).

 A judgment affecting real property must describe the land with enough certainty to support a subsequent conveyance of the property. *Id.* "The decree should be in a form so that it alone will be suitable for recording in real estate records." *Pinewoods Assocs. v. W.R. Gibson Dev. Co.*, 783 S.W.2d 478, 481 (Mo.App. 1990). A judgment that fails to adequately describe the property invites the possibility of future adjudication regarding the scope and location of the property affected by the judgment and necessitates proof from an external source. *Creech*, at 225.

Such a judgment lacks finality and is not reviewable by an appellate court. *See Trust by Sherman*, 928 S.W.2d at 899.

The trial court's judgment in the instant case included a description of the property affected by the lake agreement for purposes of the permanent injunction against the Danieles and their successors in interest. The judgment, however, omitted any description of the 2.1 acre tract, the title of which it purported to quiet in favor of Underwood and Hunt. As a result, the trial court's judgment is not final, and we lack jurisdiction to review it.

The appeal is dismissed.

GEORGE W. DRAPER III, P.J., and MARY K. HOFF, J., concur.