William LANDAU, Allan J. Kalb, Roberta Landau, Elizabeth M. Kalb, Terrence W. Dougherty, Sharon M. Dougherty and Alan Pestronk, Appellants,

v.

Richard WEIL, Josephine Weil, William Koman and Amy Koman, Respondents.

No. ED 80314.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 22, 2002.

Gerald P. Greiman, Erik O. Solverud, Spencer, Fane, Britt & Browne, LLP, Hugh R. Law, Lowenhaupt & Chasnoff, LLC, St. Louis, MO, for Appellant.

Thomas P. Rosenfeld, Christopher Weiss, Stone Leyton & Gershman, St. Louis, MO, for Respondents.

William & Amy Koman, Respondents Acting pro se.

Anthony J. Soukenik, Marvin J. Nodiff, Nodiff & Ellis, St. Louis, MO, for Amicus Curiae.

GLENN A. NORTON, Judge.

In this easement dispute, lot owners from Forest Ridge subdivision appeal the trial court's judgment in favor of their neighbor on the neighbor's claim that the lot owners' easement was abandoned. Because the court's judgment is not final, we dismiss the appeal.

## I. BACKGROUND

Forest Ridge subdivision was established by indenture and plat in 1911. The subdivision consists of six lots situated around a center drive. The plat called for a private service road to run behind five of the lots; Richard and Josephine Weil own one of these lots. The service road, or alley, was designated in the indenture as an easement to run with the land, with title held by the subdivision trustees. The indenture provided the lot owners "the right of way over ... alleys ... with the same rights of passage, ingress and egress, as if the same were public instead of private ways." The Weils wanted to build a fence around their property and they proposed erecting gates where the fence would cross the alley. Some of the lot owners objected and sought to enjoin the Weils from putting up the gates. The Weils counter-claimed that the "indenture as it relates to the alley" had been abandoned. On cross-motions for summary judgment, the trial court entered judgment in favor of the Weils on that counterclaim.

## II. DISCUSSION

Although the parties have not questioned it, we have a duty to determine our jurisdiction *sua sponte*. *Creech v. Noyes*, 78 S.W.3d 223, 224 (Mo.App. E.D. 2002). We lack jurisdiction to consider the merits of an appeal until there is a final judgment. *Id.* A final and appealable judgment disposes of all issues in the case and leaves nothing for future adjudication. *Id.* A judgment that requires external proof to dispose of disputed issues is not final for purposes of appeal. *Id.; see also Pinewoods Associates v. W.R. Gibson Development Co.*, 783 S.W.2d 478, 481 (Mo. App. W.D.1990).

When a judgment affects real estate, it must describe the land with enough certainty to support a later conveyance of the property. *Creech*, 78 S.W.3d at 225; *Trust by Sherman v. Wilson*, 928 S.W.2d 897, 898 (Mo.App. E.D.1996) (judgment affecting easement rights must contain sufficient description of easement). "A judgment that fails to adequately describe the disputed property leaves open the possibility of future adjudication relating to the scope of the property affected by the judgment." *Wilson*, 928 S.W.2d at 898. Such a judgment is not final. *Id.; Creech*, 78 S.W.3d at 225.

Originally, the judgment in this case described the disputed property as "the service alley at the rear of the lots." The judgment noted that the plat governed the location and width of the alley. It then stated that the alley was not constructed according to the plat; instead, as the parties agreed, the alley was built only behind three of the lots. With leave of this Court under Rule 74.06(a), the parties sought a corrected judgment from the trial court to address the inadequate description of the alley. The amended judgment entered by the trial court merely added the book and page where the plat and indenture are recorded.

This judgment does not include an adequate description of the real estate it affects. It does not contain the dimensions or exact location of the disputed property.

Describing the exact location of the plat and indenture does not cure this defect because recourse must be had to these external sources of proof to dispose of the disputed issue. Thus, it is not final for purposes of appeal. *See Creech,* 78 S.W.3d at 225; *Pinewoods Associates,* 783 S.W.2d at 481. The exact location of the *property* must be included *in* the judgment itself.

The judgment is not final and not reviewable by this Court.

### III.  CONCLUSION

The appeal is dismissed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J., concurring.