**HELUJON LTD., Appellant,**

v.

**ISLE OF CAPRI OF JEFFERSON COUNTY, et al., Respondents.**

**No. ED 80724.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 29, 2002.

Mary B. Schultz, St. Louis, MO, for appellant.

Dana Hockensmith, Paul C. Hamil, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Helujon, Ltd. ("Helujon") appeals the judgment in a court-tried case granting Kimmswick Properties, Inc. ("Kimmswick Properties") a prescriptive easement over Helujon's property and denying Helujon's claim for trespass and money damages against Kimmswick Properties, Essex Contracting, Inc. ("Essex") and Martin Toma. We dismiss the appeal for lack of a final judgment.

The trial court's judgment in this case included the legal descriptions of the properties affected by the prescriptive easement. However, the judgment omitted any description of the road which is the subject of the easement. A judgment that requires external proof to dispose of disputed issues is not final for Rule 74.01(b) purposes. *Trust by Sherman v. Wilson*, 928 S.W.2d 897, 898 (Mo.App.1996). A judgment granting a roadway easement must describe the location, direction and width of the easement with enough certainty to support a subsequent conveyance of the property. *Id.* The decree should be in a form so that it alone will be suitable for recording in real estate records. *Underwood v. Daniele*, 83 S.W.3d 63, 65 (Mo. App.2002). A judgment that fails to adequately describe the property invites the possibility of future adjudication regarding the scope and location of the property affected by the judgment and necessitates proof from an external source. *Id.* Such a judgment lacks finality and is not reviewable by an appellate court. *Id.*

Accordingly, the appeal is dismissed.

LAWRENCE E. MOONEY, C.J., and MARY K. HOFF, J., Concur.