Joseph MORETTO and Linda Moretto, Appellants,

v.

Gloria GRELLNER and Richard Grellner, Respondents.

No. ED 87041.

Missouri Court of Appeals, Eastern Distric, Division Three.

Aug. 22, 2006.

John Lawrence Davidson, Saint Louis, MO, for appellants.

David L. Baylard, Union, MO, for respondents.

### *OPINION*

GLENN A. NORTON, Presiding Judge.

Joseph and Linda Moretto appeal the judgment declaring the boundary between their property and property owned by Gloria Grellner and Richard Grellner. We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

The Morettos brought an action to quiet title to real estate north of real estate owned by the Grellners after discovering they disagreed with the Grellners' understanding of the boundary between the two parcels of land. After hearing evidence, the trial court entered judgment in favor of the Grellners, finding their evidence of the boundary more persuasive than the Morettos'. In its judgment, the court described the new boundary in the following manner:

> The line described on the Conveyance of Right of Way dated March 27, 1922, was intended as the boundary between the parcels.
>
> The Court finds that the [Grellners] have carried their burden and that the boundary for their lands is accurately described in the Survey prepared by Thomas Kuster on May 10, 1992. This means that [the Morettos] own only about 14 acres of the Quarter-section and [the Grellners] own about 26 acres.

## II. DISCUSSION

 Although neither party has questioned it, we have a duty to determine our jurisdiction *sua sponte*. *Landau v. Weil*, 87 S.W.3d 909, 910 (Mo.App. E.D.2002). Until there is a final judgment, we lack jurisdiction to consider the merits of an appeal. *Id.* A final and appealable judgment disposes of all issues in a case and leaves nothing for future adjudication. *Id.* Judgments that require external proof to dispose of disputed issues are not final for purposes of appeal. *Id.*

 With regard to real estate, a judgment that fails to adequately describe

disputed property leaves open the possibility of future adjudication relating to the scope of the property the judgment affects. *Id.* Thus, such a decree should be in a form so that it alone will be suitable for recording in real estate records. *Pinewoods Assoc. v. W.R. Gibson Dev. Co.*, 783 S.W.2d 478, 481 (Mo.App. W.D.1990). It should describe the land in question with certainty so that the description will support a later conveyance of the property. *Id.*

In *Landau*, the trial court's judgment failed to adequately describe the land because it merely referred to a plat which governed the location and width of the disputed property. 87 S.W.3d at 910. With leave of this Court under Rule 74.06(a),[1] the parties sought a corrected judgment to address the inadequacy of the description, but rather than including the dimensions or exact location of the disputed property, the court only added the book and page where the plat and indenture were recorded to its original judgment. *Id.* This Court concluded the judgment was not final for purposes of appeal because it was necessary to refer to external sources of proof to dispose of the disputed issue. *Id.* at 911.

 Here, like in *Landau*, the judgment merely refers to a Conveyance of Right of Way and Thomas Kuster's survey to describe the property in question. It does not contain the dimensions or exact location of the disputed property. As stated in *Landau*, "[t]he exact location of the *property* must be included *in* the judgment itself." *Id.* (emphasis in original). Because it is necessary to refer to external sources of proof to determine the boundaries of the disputed property, the judgment is not final for purposes of appeal.[2]

---

1. Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2006).

2. This Court issued an Order to Show Cause to the parties on July 19, 2006, to allow them an opportunity to either obtain a judgment with an adequate legal description or to show

## III. CONCLUSION

The appeal is dismissed.

LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J., concurring.

cause why this appeal should not be dismissed for lack of a final, appealable judg- ment. Neither party responded.