**Joanne ZACHAREWICZ, Juanita Carl, Harold Nachtrieb and Christine Nachtrieb, Appellants,**

**v.**

**Sarah HANLY, Frank Nichols, and Genice Self, Trustees of University Heights Subdivision, Respondents.**

**No. ED 87345.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 6, 2007.

---

Eugene Portman, Clayton, MO, for appellants.

Michael A. Wolff, Clayton, MO, for respondents.

Before BOOKER T. SHAW, C.J., LAWRENCE E. MOONEY, J., and PATRICIA L. COHEN, J.

### Introduction

PER CURIAM.

Joanne Zacharewicz, Juanita Carl, Harold Nachtrieb and Christine Nachtrieb, ("Appellants"), residents and lot owners of University Heights Subdivision Number 3 ("subdivision"), appeal the trial court's judgment in favor of Sarah Hanly, Frank Nichols and Genice Self, the subdivision Trustees. Appellants claim that the Trustees lacked authority to erect fences and gates over an area known as "Wellesley Avenue" because, pursuant to a Declaration of Trust and Agreement ("Indenture"), an easement existed for the benefit of the lot owners. Because the court's judgment is not final, we dismiss the appeal.

### Fact and Procedural History

University Heights Realty and Development Company ("Developer") created the subdivision by recorded plat on June 21, 1906. The plat laid out residential lots in four blocks and designated four "private avenues": Williams Avenue, Vassar Avenue, Wellesley Avenue and Washington Avenue. The plat stated the "avenues laid out on this plat are not dedicated to public use, but are reserved for use as private ways for the owners of the several lots abutting thereon."

The Developer recorded the Indenture which provided, *inter alia,*: (1) [the Developer] "has caused private streets to be laid upon said property" and (2) that "it is the intention of said [Developer] to cause said private streets to be paved and sidewalks to be laid thereon, and to set aside said streets to the use of the persons who may hereafter from time to time own or occupy said several lots." Article I specifically addresses "the avenues" and provides, in pertinent part:

> The [Developer] declares ... that it holds and will hold as herein stated [1], the legal title to the private streets and walk as laid down and designated upon said plat of [the subdivision], to wit: Williams Avenue, Vassar Avenue, Wellesley Avenue and Washington Avenue and the private way impressed with an easement for the common benefit of all persons who may or hereafter own or occupy any of the said lots ... to be used by them freely and without obstruction as private streets and private rights of way forever.

Wellesley Avenue was never constructed as a street. The area designated as Wellesley Avenue on the plat is, and since the establishment of the subdivision has

---

1. The Indenture provided that the Developer could, at the expiration of the "time fixed" transfer its title in the private streets and its duties to repair and improve the streets to a board of three trustees. The Trustees are the successors in interest to the Developer.

been, overgrown with trees and dense vegetation.

In April 2003, to address crime concerns in the area, the Trustees and the residents abutting the Wellesley Avenue area agreed that the residents would pay for erection of fences and gates over the "northern and southern ends of the area" and the Trustees would pay for the maintenance of the fences and gates. The fences and gates were erected in June 2003.

Appellants, in an effort to have the fences and gates removed, filed a petition claiming that Wellesley Avenue was an easement for the benefit of all lot owners of the subdivision and should therefore be free from obstruction. Appellants sought a declaratory judgment, an injunction, and damages against the Trustees for breach of fiduciary duty. On October 31, 2005, the trial court entered its judgment in favor of the Trustees and ordered Appellants to pay the Trustees' attorney fees. This appeal followed.

### Discussion

 Although neither party has challenged the court's jurisdiction, we have a duty to determine our jurisdiction *sua sponte*. *Landau v. Weil,* 87 S.W.3d 909 (Mo.App. E.D.2002) (citing *Creech v. Noyes,* 78 S.W.3d 223, 224 (Mo.App. E.D. 2002)). We lack jurisdiction to consider the merits of an appeal until there is a final judgment. *Id.* A judgment that requires external proof to dispose of disputed issues is not final for purposes of appeal. *Id.;* see also *Moretto v. Grellner,* 198 S.W.3d 665, 666 (Mo.App. E.D.2006); *Pinewoods Associates v. W.R. Gibson Development Co.,* 783 S.W.2d 478, 481 (Mo. App. W.D.1990). With regard to real estate, a judgment that fails to adequately describe disputed property leaves open the possibility of future adjudication relating to the scope of the property the judgment affects. *Id.*

In *Landau,* this Court dismissed the appeal because the trial court's judgment failed to adequately describe the land when it referred only to the plat which governed the location and width of the disputed property. *Id.* at 910. Rather than including the dimensions or exact location of the disputed property, the court's judgment referenced the book and page where the plat and indenture were recorded. *Id.* This Court concluded the judgment was not final for purposes of appeal because it was necessary to refer to external sources of proof to dispose of the disputed issue. *Id.* at 911. The Court stated, "the exact location of the *property* must be included *in* the judgment itself." *Id.* (emphasis in the original).

 Here, as in *Landau,* the judgment refers to "Wellesley Avenue" and the plat book and page number to describe the property in question. However, again as in *Landau,* the judgment is devoid of the dimensions or exact location of the disputed property. Because the judgment lacks an adequate description of the real estate it affects, it is necessary to refer to external sources of proof to determine the location of "Wellesley Avenue". Accordingly, the judgment is not final for purposes of appeal.

### Conclusion

The appeal is dismissed.