**Patricia J. CONE, Plaintiff–Appellant,**

v.

**MISSOURI DEPARTMENT OF SO-CIAL SERVICES, FAMILY SUPPORT DIVISION, Defendant–Respondent.**

No. 28137.

Missouri Court of Appeals,
Southern District,
Division One.

June 26, 2007.

Phillip D. Greathouse, Christopher W. Dumm, Joplin, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sharon K. Euler, Kansas City, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

The Missouri Department of Social Services ("Respondent") denied Grace Howard's application for Medicaid benefits after an administrative hearing. The Circuit Court of Newton County rendered a judgment affirming Respondent's Order and Decision. Patricia J. Cone ("Appellant"), the substituted party in this case,[1] appeals this judgment. Because the trial court's judgment is void, we dismiss the appeal.[2]

■ The facts can be summarized in the following timeline:

September 29, 2004: Grace Howard first applied for Medicaid benefits with Respondent; the application was denied.

---

1. Patricia J. Cone was substituted for Grace Howard by court order dated September 22, 2006.

2. The issue of whether Appellant's notice of appeal was timely filed, as raised in this Court's Order of December 5, 2006, was taken with the case. We do not address this issue as the case is being dismissed on other grounds.

April 26, 2005: Grace Howard again applied for Medicaid benefits with Respondent; the application was again denied. Ms. Howard timely requested a hearing.

October 14, 2005: Respondent held an administrative hearing to determine if Medicaid benefits were properly denied.

December 20, 2005: Respondent affirmed the denial of benefits by Decision and Order.

February 23, 2006: Grace Howard notified Respondent that she was seeking review of its decision with a Notice and Affidavit of Appeal to Circuit Court.

May 26, 2006: Grace Howard died.[3]

June 5, 2006: The Notice, Affidavit of Appeal, and record were filed with the Circuit Court of Newton County by Respondent.

July 12, 2006: Trial court rendered judgment affirming Respondent's decision.

August 11, 2006: A Motion to Amend Judgment, Suggestion of Death, and Motion to Substitute Party were filed.

September 22, 2006: Motion to Substitute Party was sustained and Appellant was substituted for Grace Howard.

November 17, 2006: Notice of Appeal was filed.

■■■ Although not challenged by either party, we have a duty to *sua sponte* determine if we have jurisdiction. *Zacharewicz v. Hanly*, 213 S.W.3d 210, 212 (Mo. App. E.D.2007). This Court lacks jurisdic-

tion to hear the merits of an appeal until there is a final judgment. *Id.* We find there is no final judgment before us because Grace Howard, the plaintiff in this action, was deceased at the time of the judgment.

■■■ Courts have jurisdiction to render judgments only for or against viable entities and a dead person is not a viable entity. *Rowland v. Rowland*, 121 S.W.3d 555, 556 (Mo.App. E.D.2003). " 'A judgment, whether for or against the plaintiff, entered after the plaintiff's death without substitution of parties, is void and there is no final, appealable judgment.' " *Meadows v. Jeffreys*, 929 S.W.2d 746, 752 (Mo. App. S.D.1996) (quoting *Schleifer v. Shuler*, 699 S.W.2d 794, 795 (Mo.App. S.D. 1985)). The only exception to this rule is for a dismissal of the action pursuant to Rule 52.13(a)(1) for failure to file a motion for substitution within 90 days after a suggestion of death is filed.[4] *See Bock by Heintz v. Hudkins*, 807 S.W.2d 124, 125–26 (Mo.App. S.D.1991). There was no dismissal of the action pursuant to Rule 52.13(a)(1). Therefore, there was no final appealable judgment on July 12, 2006, which was the only judgment entered by the court, and we must dismiss the appeal.

The appeal is dismissed.

PARRISH and SCOTT, JJ., concur.

---

3. Grace Howard's date of death is not in the legal file. It is only mentioned in Respondent's brief; however, Appellant agreed during oral argument that this date is accurate. When both Appellant and Respondent agree to the truth of a fact, we can accept this fact as if it is in the record and is accurate. *See Estate of Lynn*, 890 S.W.2d 694, 694 n. 1 (Mo.App. S.D.1995) ("Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we

may consider it as though it appears in the record."); *see also In re Shunk*, 847 S.W.2d 789, 792 (Mo. banc 1993) (explaining that when respondent's brief asserts certain facts, and disciplinary counsel conceded those facts in oral argument, the court could accept those assertions as accurate).

4. All rule references are to Missouri Court Rules (2007), unless otherwise specified.