245 S.W.3d 328 (2008)
STATE ex rel. DEPARTMENT OF SOCIAL SERVICES, Relator,
v.
The Honorable Kevin L. SELBY, Respondent.
No. 28777.
Missouri Court of Appeals, Southern District.
February 25, 2008.
Jeremiah W. (Jay) Nixon, Atty. Gen., Sharon K. Euler, Jefferson City, for Relator.
Phillip D. Greathouse, Blanchard, Robertson, Mitchell & Carter, P.C., Christopher W. Dumm, Law Offices of Christopher W. Dumm, for Respondent.
DANIEL E. SCOTT, Judge.
This is a prohibition proceeding. We quash our preliminary order.[1]

*329 Procedural Background
The complicated procedural background includes four proceedings in three courts, including a prior appeal to this court. See Cone v. Missouri Dep't of Soc. Servs., 227 S.W.3d 540 (Mo.App.2007). We recite only those matters necessary for this opinion. Relator denied Grace Howard's 2004 application for Medicaid benefits. She unsuccessfully reapplied in 2005, and sought circuit court review of that denial.[2] Ms. Howard died in May 2006, but the review proceeding continued (eventually with her heir, Patricia Cone, as substitute plaintiff) through the circuit court and to this court, where it was dismissed in June 2007 on jurisdictional grounds. Cone, 227 S.W.3d at 542.
Meanwhile, relator petitioned the Newton County probate division in May 2007, just within § 473.020's one-year limitations period, to require administration of Ms. Howard's decedent's estate. The hearing was continued twice, apparently by mutual agreement due to the cited appeal and the parties' other litigation, and eventually set for October 3, 2007.
On August 21, 2007, relator filed a motion to withdraw its petition for administration. The court closed its probate file the next day, without notice or a hearing, and apparently without notifying Cone thereafter. The day after she found out, Cone moved to reconsider and reopen the case. After a hearing, the court did so. Relator's prohibition petition claimed the court lacked jurisdiction to enter such an order.

Legal Principles and Application
Relator has the burden to show the trial court exceeded its jurisdiction. State ex rel. Ford Motor Co. v. Westbrooke, 12 S.W.3d 386, 391 (Mo.App.2000). Relator also must show, simultaneously, that it has no adequate remedy at law by way of appeal. State ex rel. Lester E. Cox Med. Center v. Wieland, 985 S.W.2d 924, 926 (Mo.App.1999).
Relator's arguments treat its August 21, 2007 motion as tantamount to a Rule 67.02 voluntary dismissal. Relator cites non-probate cases holding that such a dismissal divests a trial court of jurisdiction,[3] and argues by analogy for a similar result here.
However, relator has not shown that Rule 67.02 applies to the case below. Rule 41.01(b) enumerates those civil rules applicable to probate proceedings  Rules 41, 54.18, 55.03, 56, 57, 58, 59, 60, 61, 62, and 67.03.[4] Rule 67.03, governing involuntary dismissals and their effect, was added to the list effective January 1, 2003.[5] Our supreme court did not otherwise add Rule 67 in whole or in part, and with particular relevance here, did not add Rule 67.02 regarding voluntary dismissals and their effect. While this case illustrates one reason not to extend Rule 67.02 to probate cases, the "why" is less important for our purposes than the fact that our supreme court did not do so.
*330 Relator also has not shown it has no adequate remedy at law. It can still call up its motion to withdraw, and/or request a dismissal of the petition at the § 473.020.3 hearing. See § 473.020.3(3).

Conclusion
We express no opinion on the merits of any claim or matter below. We find only that relator has not shown the probate division lacked jurisdiction to rule as it did, or the inadequacy of its remedy by way of appeal, and thus has failed to show it is entitled to prohibition. Our preliminary order was improvidently granted and is quashed.
PARRISH, P.J., and BATES, J., concur.
NOTES
[1] Statutory citations herein are to RSMo (2000), and rule references are to Missouri Court Rules (2007), unless otherwise indicated.
[2] Technically she was awarded benefits, subject to a 142-month transfer penalty which effectively denied the benefits.
[3] See, e.g., Golden Valley Disposal, L.L.C. v. Jenkins Diesel Power, Inc., 183 S.W.3d 635, 639 (Mo.App.2006); Stearns Bank, N.A. v. Palmer, 182 S.W.3d 624, 626 (Mo.App.2005); In re Estate of Klaas, 8 S.W.3d 906, 909 (Mo.App.2000).
[4] The rule also allows probate division judges, by order, to apply other rules or rule subdivisions in particular cases, but neither relator nor the record suggests any such order here.
[5] Following and presumably in response to In re Estate of Klauber, 59 S.W.3d 512, 514 (Mo. banc 2001), which abrogated prior case law applying Rule 67.03 to probate matters.