

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| DENNIS L. WALKER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD33991 |
| | ) | Filed: April 8, 2016 |
| HALEIGH WALKER and | ) | |
| BRADEN WALKER | ) | |
| by their next friend, Peggie Lair, and | ) | |
| THE UNKNOWN HEIRS OF BRADLEY | ) | |
| M. WALKER, DECEASED, AND THEIR | ) | |
| UNKNOWN HEIRS, DEVISEES, | ) | |
| GRANTEES, ASSIGNEES, DONEES, | ) | |
| ALIENEES, LEGATEES, | ) | |
| ADMINISTRATORS, EXECUTORS, | ) | |
| GUARDIANS, MORTGAGEES, | ) | |
| TRUSTEES AND LEGAL | ) | |
| REPRESENTATIVES, AND ALL OTHER | ) | |
| PERSONS, CORPORATIONS OR | ) | |
| SUCCESSORS CLAIMING, BY | ) | |
| THROUGH AND UNDER THEM, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable John Porter, Associate Circuit Judge

### AFFIRMED AND REMANDED WITH INSTRUCTIONS

Dennis Walker (Dennis) appeals from the trial court's judgment ruling in favor of

his grandchildren, Haleigh Walker and Braden Walker, by their next friend, Peggie Lair,

(collectively Respondents) on a petition to quiet title to certain real estate located in Polk County, Missouri.[1] Dennis raises five points of alleged trial court error. Because the trial court failed to issue a written judgment containing a legal description of the real estate and announcing the parties' respective interests therein, we remand with instructions for the trial court to issue an amended judgment that does so. In all other respects, the judgment is affirmed.

## Factual and Procedural Background

In February 2013, Dennis filed a two-count petition to quiet title in the subject real estate.[2] Count I was denominated "CONVEYANCE BY DEED" and described the subject real estate as:

> All of the East Half of the Northwest Quarter of the Southwest Quarter of the Northeast Quarter, the Northeast Quarter of the Southwest Quarter of the Northeast Quarter, the Southeast Quarter of the Southwest Quarter of the Northeast Quarter and part of the Northwest Quarter of the Northeast Quarter described as beginning at the Northeast corner of the West 10 acres of said Northwest Quarter of Northeast Quarter, thence East 30 feet, thence South to the South line of said Northwest Quarter of Northeast Quarter, thence West 30 feet to the Southeast corner of said West 10 acres of said Northwest Quarter of Northeast Quarter, thence North to the point of beginning, all in Section 26, Township 35, Range 21 and subject to public roads and highways and easements of record.

The petition then made the following allegations relevant to this appeal:

> 9. That on the 3rd day of February 1997, by warranty deed recorded at Book 584, Page 1799 of the Polk County Recorder, Plaintiff Dennis L. Walker, a single person, conveyed SUBJECT REAL ESTATE to his son, Bradley M. Walker, a single person.

---

[1] Because Dennis, Respondents, and other family members mentioned in this opinion share the same surname, we refer to them individually by their given names for clarity.

[2] Count II of the petition alleged adverse possession and was abandoned by Dennis prior to trial.

2

10. That the interest conveyed by Plaintiff to said Bradley M. Walker by said deed was a three-fourths undivided interest of said SUBJECT REAL ESTATE to said Bradley M. Walker; the remaining one-fourth undivided interest being held by Plaintiff's sister, Linda Montgomery, who has not conveyed her interest.

11. That on the 28th day of September, 2000, Bradley M. Walker, a single person, reconveyed SUBJECT REAL ESTATE to Plaintiff by executing and delivering to Plaintiff, Dennis L. Walker, his warranty deed, a copy of which is marked Exhibit "A" and attached hereto and made a part hereof by reference and which is hereinafter referred to as "SUBJECT DEED".

12. That by virtue of SUBJECT DEED, Plaintiff is the sole and rightful owner of three-fourths undivided interest in said real estate, the remaining one-fourth undivided interest being held by Linda Montgomery.

13. That SUBJECT DEED was not acknowledged before a notary public and therefore was not recorded.

14. That Bradley M. Walker died a single person, intestate, on December 18, 2000.

15. That in his lifetime, Bradley M. Walker sired two children and none other, to-wit: defendant, Haleigh Walker and defendant, Braden Walker, and in his lifetime adopted no children, and the said Haleigh Walker and Braden Walker are the sole heirs of the intestate estate of Bradley M. Walker and therefore on the face of the record claim an interest in the SUBJECT REAL ESTATE by intestate succession because SUBJECT DEED (Exhibit "A") is not in the records of the Polk County Recorder.

Exhibit A, the Subject Deed, identified the Subject Real Estate (hereinafter referred to as the Property), contained words of conveyance, and purportedly bore the signatures of Bradley and two witnesses. In the petition's prayer for relief, Dennis requested that the trial court enter a judgment declaring that the Subject Deed is valid and grants a three-fourths undivided interest in the Property to Dennis.

Respondents filed an answer by which they: (1) admitted paragraphs 9, 10, 14, and 15 of Dennis' petition, *supra*; (2) denied that the Subject Deed was ever signed by Bradley; (3) affirmatively alleged various defenses to enforcement of the Subject Deed; and (4) prayed that Dennis' petition be dismissed. In addition, Respondents filed a

counter-petition in which they asserted their ownership of, and sought to have Dennis ejected from, the Property.

The case proceeded to a bench trial. Respondents disputed the validity of the Subject Deed and denied that Bradley had ever signed it. During Dennis' direct examination, he testified that Bradley signed the Subject Deed on September 28, 2000. Dennis admitted that the acknowledgement was not completed and Bradley's signature was not notarized. The Subject Deed was never recorded. Bradley died in December 2000. During cross-examination, Dennis admitted that: (1) he never told anyone about the Subject Deed; and (2) he did not list the property as an asset on his disability applications. After Dennis was granted SSI disability in 2002, he also did not list the Property as an asset. Dennis likewise did not claim ownership of the Property on his application for food stamps. Dennis' counsel also presented testimony from: (1) Gary Pipkin, who said that he saw Bradley sign the Subject Deed; and (2) Barbara Shoemaker, who said she recognized Bradley's signature on the Subject Deed.[3]

After Dennis rested, Respondents' counsel orally moved for a "directed verdict" in favor of Respondents. The trial court granted the motion and then engaged in some discussion with Dennis and counsel regarding the ruling. In doing so, the trial court questioned whether Dennis had unclean hands and whether the Subject Deed complied with § 442.400 – two arguments that Respondents had asserted as affirmative defenses.[4] The trial court also noted certain testimony from Dennis that: (1) he sought certain government benefits after conveying the Property to Bradley; and (2) after execution of

_____

[3] Gary Pipkin is Dennis' friend and neighbor. Barbara Shoemaker is Dennis' ex-wife and Bradley's mother.

[4] All statutory references are to RSMo (2000). All references to rules are to Missouri Court Rules (2015).

4

the Subject Deed, Dennis did not list the Property on subsequent applications for government benefits. The trial court suggested "that there's maybe some fraud going on." Ultimately, the trial court told Dennis' counsel that Dennis failed to meet his burden of proof. The matter was continued for settlement discussions.

Thereafter, Dennis filed a motion to vacate the trial court's grant of a "directed verdict" in favor of Respondents, which the trial court took up and denied following a hearing.[5] Responding to Dennis' motion, the judge clarified that "fraudulently obtaining food stamps" was "not the basis for my decision." The judge explained that he had found Dennis "not credible" because he did not record the Subject Deed and failed to list the Property on welfare applications. The court reiterated that Dennis had failed to carry his burden of proof.

The court later issued a written judgment which contained general recitals that Respondents' motion for a directed verdict had been sustained and Dennis' motion to vacate had been overruled. It further recited that "[i]t is therefore ordered, adjudged and decreed that judgment is entered in [Respondents'] favor against Plaintiff on all counts of Plaintiff's Petition." Dennis now appeals.

**Standard of Review**

As a preliminary matter, we note that the judgment in this case was entered on Respondents' motion for a directed verdict in the manner customary in jury cases. *See* Rule 72.01(a). However, this case was tried before the court, not a jury. *See* Rule 73.01.

> In a judge-tried case, where a party against whom a motion for directed verdict has the burden of persuasion, the motion is treated as a motion to dismiss and submits on the merits the issues on which appellants have the

---

[5] Respondents dismissed their counter-petition against Dennis without prejudice at the same hearing.

5

burden of persuasion, requiring the trial court to determine credibility of the witnesses and to weigh the evidence, so that the appeal from the ruling on the motion is from a final determination of the issues in question and is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

*Colombo v. Buford*, 935 S.W.2d 690, 694 (Mo. App. 1996); *see also Murphy v. Middleton*, 256 S.W.3d 159, 163 (Mo. App. 2008). Under the familiar standards of Rule 84.13(d), we must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*.

### Discussion and Decision

For ease of analysis, we will address Dennis' five points out of order and sometimes in combination due to the intertwined nature of the issues presented.

### *Points 3 and 4*

In Points 3 and 4, Dennis contends that the trial court erroneously applied the law because it applied the equitable defense of unclean hands to an action at law (Point 3), and it misapplied § 442.400 by concluding that an unrecorded deed is not valid to someone who was not a party to the deed (Point 4).[6] We note that unclean hands and § 442.400 were raised as affirmative defenses by Respondents and referenced by the trial court when it explained its ruling. The record, however, does not support Dennis' contention that the trial court denied Dennis' petition on the basis of Respondents' affirmative defenses. Rather, the trial court made a factual determination that Dennis was "not credible" and had failed to satisfy *his* burden of proof. Accordingly, the record refutes Dennis' claims of error. Points 3 and 4 are denied.

---

[6] Section 442.400 states that "[n]o such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." *Id*.

*Points 1 and 2*

In Points 1 and 2, Dennis challenges the factual basis for the trial court's judgment. Point 1 asserts that the trial court's judgment was against the weight of the evidence, and Point 2 asserts that the trial court's judgment was not based on substantial evidence. In each point, Dennis argues that "there was insufficient evidence that the Subject Deed was not valid[.]" This argument fails because Dennis misunderstands his burden of proof.

"In a quiet title action, where each party is claiming title against the other party, the burden of proof is upon each party to prove better title than that of his adversary." *Ortmeyer v. Bruemmer*, 680 S.W.2d 384, 395 (Mo. App. 1984). "Plaintiffs in a quiet title suit must succeed on the strength of their own title and if they fail to prove, prima facie, that they hold record title, their cause must fail." *McCord v. Gates*, 159 S.W.3d 369, 374 (Mo. App. 2004).

Respondents' claim of title to the Property was established by way of judicial admission.[7] Thus, in order to be successful, Dennis had the burden to prove that he had better title than Respondents. "The essential elements of a deed are: (1) [n]ames of the parties thereto, (2) words of grant, (3) description of the property, (4) execution and delivery by the grantor, and (5) acceptance by the grantee." *Gregg v. Georgacopoulos*, 990 S.W.2d 120, 123 (Mo. App. 1999). Here, the resolution of this issue required the trial court to make a factual determination regarding the Subject Deed upon which

---

[7] The parties' pleadings established that Dennis conveyed his interest in the Property to Bradley in 1997 and that any interest he had passed upon his death to Respondents. An allegation in a petition that is admitted in the answer constitutes a judicial admission, which waives or dispenses with the production of evidence and concedes, for purposes of the litigation, that a certain proposition is true. *Bachman v. City of St. Louis*, 868 S.W.2d 199, 201 (Mo. App. 1994).

Dennis' conveyance-by-deed claim was based. Respondents contended the Subject Deed was invalid because Bradley did not sign it. To prove execution, Dennis presented oral testimony from himself and two witnesses that Bradley did sign the Subject Deed. The trial court, however, was not required to believe this testimony.

> When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010) (internal citations and quotation marks omitted); *see also Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012) (recognizing that *White* sets out the applicable standard of review for an appeal in a court-tried civil case).

Because the trial court found that Dennis had not carried the burden of proof for his claim, it could properly rule against him. *See White*, 321 S.W.3d at 305.[8] Respondents were not required, contrary to the premise of Dennis' argument, to present any evidence that the Subject Deed was not valid. *See id.* Because the issue of execution was contested, that also disposes of Dennis' against-the-weight argument. *See In re Marriage of Chorum*, 469 S.W.3d 484, 489-90 (Mo. App. 2015) (when reviewing an against-the-weight argument, all conflicts in the testimony must be resolved in accordance with the trial court's implicit or explicit credibility determinations). Points 1 and 2 are denied.

---

[8] No party requested the trial court to make findings of fact on any specific controverted fact issue, so "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).

*Point 5*

In Point 5, Dennis challenges the trial court's judgment on the ground that the trial court "failed to ascertain and determine the rights and interests of the parties to the property." We agree that the trial court's written judgment contains certain deficiencies. We disagree, however, with Dennis' requested remedy that the trial court's judgment be reversed.

As noted *supra*, the trial court concluded that Dennis had failed to prove his claim that title to the Property should be quieted in his favor. The judgment did not address the parties' interests in the Property. Where evidence has been adduced placing title at issue, as is the case here, the court is required to adjudicate the respective interests of the parties to the action. *See* § 527.150; **Stottle v. Brittian**, 459 S.W.2d 310, 312-13 (Mo. 1970) ("[o]nce title was at issue the court was required to adjudicate the 'better' title in someone"). Such a declaration should be entered although the plaintiff fails to establish a claim of title and the defendant does not affirmatively request an adjudication of title. **Pitts v. Pitts**, 388 S.W.2d 337, 339 (Mo. 1965); **Baldwin v. Black**, 618 S.W.2d 730, 730-31 (Mo. App. 1981). A party is "entitled to an adjudication of his existing title, and if he have no title the court should so adjudge or decree." **Evans v. Brussel**, 300 S.W.2d 442, 444 (Mo. 1957).

Furthermore, we note that "[i]n a quiet title action, the judgment must describe with reasonable certainty the real estate affected by the decree." **Anderson v. Howald**, 897 S.W.2d 176, 179 (Mo. App. 1995). "The judgment should be in a form so that it alone is suitable for recording in real estate records." **Creech v. Noyes**, 78 S.W.3d 223, 225 (Mo. App. 2002). "A judgment that fails to adequately describe the property leaves open the possibility of future adjudication regarding the scope and location of the

9

property affected by the judgment, and necessarily requires proof from an external source." *Id.*

Here, Dennis failed to prove his claim that Bradley, by way of the Subject Deed, conveyed his interest in the Property to Dennis. Respondents' interest in the Property, as beneficiaries of Dennis' conveyance to Bradley, was admitted by the pleadings. In light of this record, no further evidence is required for the trial court to issue a judgment adjudicating the parties' interests in the Property, and reversal of the trial court's judgment is not required. For these reasons, Point 5 is denied.

In conclusion, we remand the case with instructions for the trial court to enter an amended judgment that: (1) contains a legal description of the Property; and (2) quiets title in the Property in favor of Respondents and against Dennis. In all other respects, the judgment is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR